# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MARVIN JOHNSON § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | Civil Case No. _____ |
| § | |
| CHARLES SCHWAB & CO., INC. § | |
| § | |
| Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
### (Jury Demand)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Marvin Johnson, Plaintiff, complaining of Charles Schwab & Co., Inc., Defendant, and for cause of action, Plaintiff would show the Court the following:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to pursuant to 28 U.S.C. §1331 because this case involves a federal question. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred there.

### THE PARTIES

*Plaintiff*

2.  Plaintiff Marvin Johnson is a Denton County, Texas resident.

*Defendant*

3. Defendant Charles Schwab & Co., Inc. is a corporation duly authorized to do business in the State of Texas. It may be served with process through its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## FACTS

4. Plaintiff was hired by Defendant in April of 2022 as a bank professional. Plaintiff is an African American homosexual male. On June 1, 2022, Plaintiff joined a different team than the one he was originally working for with Defendant. This new team is where Plaintiff began to experience sex and race discrimination. Plaintiff was subjected to this discrimination through a continuing violation up until his wrongful termination. Plaintiff's new manager was the individual perpetuating this discrimination.

5. Within two weeks of beginning with the new team, Plaintiff began to receive inappropriate messages and phone calls from his manager. Plaintiff would get off work at midnight and his manager would begin to call him at 12:15 a.m. and this would continue until 3-4 a.m. This would also occur on Plaintiff's days off. These conversations were sexual in nature at times, and Plaintiff's manager would say discriminatory comments about African Americans.

6. Plaintiff's manager would refer to him as a "snack" and told Plaintiff that he wanted to be called "daddy" as Plaintiff would be called "papi." While at work, Plaintiff's manager would approach him and take him off of calls so that they could talk about non-work-related items. This caused issues with his coworkers as they thought Plaintiff was receiving special treatment when in reality, he wanted nothing to do with this. Plaintiff would also receive text messages from his manager when he was out saying that he wished Plaintiff was there.

7. Plaintiff, being new to the company and new to corporate America, thought that it would be okay if he just kept quiet about what was happening to him. Around the end of November

and the beginning of December 2022, Plaintiff decided he had enough of his manager's treatment and asked that it stop. After this, Plaintiff's manager lost interest in him and began to look for ways to get him terminated. Plaintiff's manager told him that when he didn't like someone anymore, he would manifest how he could stop developing that individual so that he could fire them. This happened to Plaintiff once he made the harassment by the manager stop. Plaintiff's manager stopped helping him, ignored him, and refused to do anything that Plaintiff requested. Because of this Plaintiff was unable to get overtime training and therefore could not receive overtime.

8. When this occurred, Plaintiff also began to be harassed by another employee who was the drinking buddy of his manager. This employee would say rude and discriminatory things about where he was from. Plaintiff's manager told Plaintiff he would make it stop and keep them separated, but this was not the case and it continued. This employee continued to say these things to Plaintiff and harassed him. At one point, this employee told Plaintiff that they should take it outside, insinuating that this employee wanted to fight Plaintiff. Plaintiff was then told he was too emotional and needed to get some more testosterone.

9. Because of this incident, Plaintiff had to miss work the next two days because he was distraught from what occurred. The hostile environment of Defendant caused Plaintiff to need to begin taking medication. Plaintiff had some of the best numbers of his group but was not promoted while other employees with worse performance were. Plaintiff was told that, to get a promotion, he would need to "polish his appearance." Plaintiff is a black male with dreadlocks and an earring, and this discriminatory statement was referencing the way in which he looked.

10. During this time, another employee of Defendant who was a friend of Plaintiff and a manager told him he wanted to file a Human Resources complaint on his behalf. Plaintiff asked him not to do so because he did not want to face retaliation. After Plaintiff's wrongful termination,

this manager did make a complaint on Plaintiff's behalf and three weeks later, this manager was also terminated.

11. After Plaintiff had dealt with the discrimination and retaliation for a while, he informed his manager that his phone wasn't working. Plaintiff was then wrongfully terminated and was told it was for "call avoidance."

12. Plaintiff was discriminated against, harassed, and terminated because of his sex, discriminated against and terminated because of his race, and retaliated against and terminated for opposing this discrimination.

## CAUSES OF ACTION

**A.     Race Discrimination under Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981.**

13. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

14. As set forth above, Plaintiff was discriminated against, harassed, and terminated because of race.

15. Defendant violated Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981.

16. Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981 have directly and approximately caused damage to Plaintiff, for which he hereby sues Defendant.

**B.     Retaliation under Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981.**

17. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

18. As set forth above, Plaintiff has been retaliated against by Defendant for complaining of the discrimination.

19. Defendant has violated Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981.

20. Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981 has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendant.

**C.     Sex Discrimination and Retaliation under Title VII of the Civil Rights Act of 1964, as amended.**

21. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

22. As set forth above, Plaintiff was discriminated against because of his sex.

23. Plaintiff was also retaliated against for complaining of the discrimination.

24. Defendant violated Title VII of the Civil Rights Act of 1964, as amended.

25. Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendant.

## DAMAGES

26. As a result of Defendant's discriminatory conduct, Plaintiff has suffered lost back pay, front pay, past and future loss of earning capacity, and past and future mental anguish. Plaintiff is also entitled to exemplary damage because of the nature of Defendant's conduct.

## ATTORNEY'S FEES

27. Plaintiff has been forced to obtain counsel to represent him in this matter. Plaintiff is entitled to reasonable attorney's fees pursuant to Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981.

## CONDITIONS PRECEDENT

28. All conditions precedent to the bringing of the present litigation, such as the filing of EEOC complaints and a notice of right to sue letter being obtained, have occurred or have been performed. Attached as Exhibit A is the Notice of Right to File a Civil Action obtained from the EEOC.

## COURSE AND SCOPE

29. The actions of Defendant described within this Complaint were committed by its employees and agents who in turn were acting in the course and scope of its employment.

## JURY DEMAND

30. Plaintiff demands a trial by jury of all claims asserted in this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that he be awarded damages, exemplary damages, attorneys' fees, pre- and post-judgment interest, and all other relief to which he is entitled.

Respectfully submitted,

*/s/ David B. Joeckel, Jr.*
David B. Joeckel, Jr.
State Bar No. 10669700

THE JOECKEL LAW OFFICE
219 South Main Street, Suite 301
Fort Worth, Texas 76104
Telephone: (817) 924-8600
Facsimile: (817) 924-8603
dbj@joeckellaw.com

ATTORNEY FOR PLAINTIFF



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Dallas District Office**
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/08/2024

**To:** Marvin Johnson
1600 Summit Avenue, Apartment #1404
Lewisville, TX 75077
Charge No: 450-2024-01689

EEOC Representative and email:   JACOB RAMIREZ
Bilingual Investigator
jacob.ramirez@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 450-2024-01689.

On behalf of the Commission,

DEANNA BROOKS TORRES
Digitally signed by DEANNA BROOKS TORRES
Date: 2024.03.08 11:01:05 -06'00'

For Travis M. Nicholson
District Director